#### IN THE

## GENERAL COURT AND COURT OF APPEALS

#### OF THE

## STATE OF MARYLAND.

GENERAL COURT, (E. S.) APRIL TERM, 1800.

COLLINS *et ux.* Lessee, *vs.* ELLIOTT.

EJECTMENT for a tract of land called *Tully's Addition Corrected,* also *Tully's Addition* and *Roe's Lane.* The plaintiff's lessors claimed title as devisees under the will of *Samuel Roe,* deceased, dated the 5th of May 1776. An objection was made in the orphans court in April 1777, to the probat of this will. The witnesses to the will were dead.

1. The question before this court was, Whether it was the will of *Samuel Roe?* Several witnesses were examined in court, and the depositions of other witnesses read in evidence to the jury, to prove the will. An objection was made to the deposition of *Solomon Williams* being read in evidence, because it did *not* appear to be taken according to notice as to time and place; that it was only evidence against the party, and those claiming under him; and that the notice ought to have been in writing.

*Depositions not appearing on their face to have been taken according to notice, both as to time and place, cannot be given in evidence. Declarations neither of a testator, the witnesses nor the draftsman of a will are evidence to prove such will. One witness is sufficient to prove all the requisites made essential by the statute of frauds, but where all the witnesses are dead, proof of the hand writing of the testator, and of all the witnesses, is necessary.*

APRIL, 1800.

Collins
vs.
Elliott.

CHASE, Ch. J.—The court are of opinion that it ought to appear by the depositions themselves that they were taken agreeably to the notice, both as to place and time, or they cannot be read in evidence; and that proof cannot now be admitted to show that they were in fact taken according to the notice.

*Declarations of a testator, &c. are not evidence to prove a will.*

2. The declarations of *Samuel Roe*, the testator, that he made a will, and those of the witnesses that they signed a will, made by *Samuel Roe*, as witnesses, and those of the person by whom the will had been drawn, that he had written the will of *Samuel Roe*, were offered in corroboration of the testimony adduced, to prove the will in controversy, but were objected to.

*Wright* and *Key* for the defendant, contended, that in a case like the present, *hearsay* evidence could not be admitted, and cited *Gilb. L. E.* 153. 12 *Vin. Ab.* 118, *a. b.* 39, *pl. 7. Bull. N. P.* 294, 295. *Pow. on Dev.* 79.

*Martin*, (Attorney General,) and *J. Scott*, contra, cited *Peate vs. Ougly, Com. Rep.* 197. *Hands vs. James, Com. Rep.* 531. *Croft vs. Pawlet*, 2 *Stra.* 1109. *Lemain vs. Stanley*, 3 *Lev.* 1. *Lowe vs. Jolliffe*, 1 *Blk. Rep.* 365. *Bull. N. P.* 264. *Goodtitle vs. Clayton et al.* 4 *Burr.* 2224. *Esp.* 784. 1 *Eq. Ab.* 403. *Pow. on Dev.* 38, 130, 132, 165, 187, 129.

CHASE, Ch. J.—The court are of opinion that such declarations as those offered to be given in evidence cannot be received to establish the will.

*One of the witnesses to a will is sufficient to prove it; but where all are dead, there must be proof of the hand writing of testator, &c.*

The chief judge said that one witness would be sufficient to prove all the circumstances or requisites made essential by the statute of frauds; but where all the witnesses were dead, proof of the hand writing of the testator, and of all the witnesses, was necessary. The plaintiff excepted.

Verdict and judgment for the defendant. The plaintiff appealed to the Court of Appeals, and at December term 1808, the judgment of the General Court was affirmed.

See the case of *Collins et ux. lessee, vs. Nicals et ux.* at *April* term, 1803.